WILLIAM M. BRADLEY, SR., a citizen, freeholder, qualified elector and taxpayer, etc. v. CITY OF HOMESTEAD

169 So. 639.
Opinion Filed August 3, 1936.

*Dan E. Ferreyra,* for Appellant.
*George E. McCaskill,* for Appellees.

PER CURIAM.—This appeal is from a decree dismissing a bill of complaint seeking to enjoin the issue by the City

of Homestead, of $28,000.00 "Electric and Water Revenue Certificates" for the purpose of making "improvements and additions to an existing electric and water plant and distribution system," of the City of Homestead, without the approval of the freeholder electors of the city as is required by Section 6, Article IX of the Constitution of Florida as amended in 1930. The revenue certificates are to be paid solely from the revenue derived from the operation of the said electric and water plant and distribution system and not otherwise.

The decree of the chancellor dismissing the bill of complaint contains the following:

"The above cause came on this day to be heard upon the bill of complaint and motion to dismiss the same and notice of the respective parties to each other of this hearing and counsel for the respective parties being personally present and having presented said cause, and the court having considered the same finds:

"1. That the City of Homestead has statutory authority to establish, construct, build, purchase and maintain and operate a plant or plants for the supplying and distribution of water and electricity within or without its limits.

"2. That said City of Homestead has heretofore constructed an electric and water plant and distribution system and owns the same and the land on which its power house, generating engines, water tower and pump are located, and that said city has maintained and operated said plant and distribution system since February, 1927.

"3. That said city has statutory authority and power to construct additions and improvements to said electric and water plant and distribution system and finance the same by the issuance of revenue certificates proposed to be issued by its Ordinance No. 223, adopted February 17, 1936.

"4.   That the proposed improvements mentioned in said Ordinance No. 223 are necessary and *bona fide* to said plant and system owned by said city.

"5.   That said city has been annually deriving a net revenue from the maintenance from said plant and system sufficient to pay the costs of operation and maintenance and has during the years ending on July 31, 1931, 1932, 1933, 1934 and 1935, derived annual unpledged net revenues from the maintenance and operation of said plant and system in an amount sufficient to pay the costs of such maintenance and operation as well as the proposed additions and improvements thereto, and as well as the interest on and principal of all obligations of said city including the revenue certificates authorized to be issued by said Ordinance No. 223 which are payable from or constitute a charge or lien upon the revenues of said plant and system.

"6.   That the construction of the proposed additions and improvements and the plan for financing the same, all as is proposed by said Ordinance No. 223, does not create a direct, indirect or contingent pledge of the taxing power of said city or impose any legal or moral duty or obligation directly or indirectly, presently or potentially coercive upon said city to exercise its power of taxation to pay the proposed revenue certificates or obligations or the interest thereon, or to pay any expenses incident to the construction, operation or maintenance of said proposed additions and improvements, and the court being fully advised in the premises, it is therefore,

"ORDERED, ADJUDGED AND DECREED as follows:

"1.   That the revenue certificates proposed to be issued by said Ordinance No. 223 of said City of Homestead, do not constitute "bonds" within the meaning of Section 6 of

Article IX of the Constitution of the State of Florida in force at this time.

"2. The proposed revenue certificates do not constitute "bonds" or "indebtedness" within the provisions of any general or special law governing the issuance of bonds or the creation of indebtedness.

"3. The revenue certificates or obligations mentioned in the bill and the proceeding authorizing the issuance thereof, comply with all constitutional and statutory provisions relative thereto and when executed and delivered, said revenue certificates or obligations will be binding or legal obligations of the City of Homestead, payable in accordance with their terms."

The decree should be affirmed upon the authority of State, *ex rel.,* v. City of Miami, 113 Fla. 280, So. 6, and other similar cases. See Williams v. Town of Dunnellon, decided at this term.

Affirmed.

WHITFIELD, C. J., and TERRELL, BROWN, BUFORD and DAVIS, J. J., concur.

ELLIS, P. J., concurs upon the principles announced in his specially concurring opinion in the case of State, *ex rel.* City of Vero Beach, v. MacConnell, this day filed.